

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,720

### EX PARTE RODNEY CHARLES RACHAL

### ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NO. 601657-B IN THE 338TH JUDICIAL DISTRICT COURT HARRIS COUNTY

*Per Curiam*.

### O P I N I O N

In October 1992, a jury convicted applicant of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed applicant's conviction and sentence on direct appeal. *Rachal v. State*, 917 S.W.2d 799 (Tex. Crim. App. 1996). In December 1997, applicant filed his initial application for a writ of habeas corpus pursuant to Article 11.071. We denied relief. *Ex parte Rachal*, No. WR-60.394-01 (Tex. Crim. App. March 23, 2005) (not designated for publication).

In February 2009, applicant filed this subsequent application with the trial court. In a single allegation, applicant alleged that he is entitled to relief from his death sentence because he presented significant mitigating evidence related to his moral culpability and the appropriateness of a death sentence which could not have been given full effect by the sentencing jury. *See Penry v. Johnson*, 532 U.S. 782 (2001). In an order dated September 23, 2009, this Court remanded the application to the habeas court for consideration of the merits of applicant's claim. *Ex parte Rachal*, No. WR.-60,394-02 (Tex. Crim. App. Sept. 23, 2005) (not designated for publication). The habeas court held a hearing on February 18, 2011, and subsequently entered findings of fact and conclusions of law.

Reviewing the case after remand, the record shows that the mitigating evidence presented by applicant is the sort of evidence that this Court has said is not encompassed within the previous statutory special issues. *See Ex parte Smith*, 309 S.W.3d 53 (Tex. Crim. App. 2010); *Ex parte Moreno*, 245 S.W.3d 419 (Tex. Crim. App. 2008); *Ex parte Martinez*, 233 S.W.3d 319 (Tex. Crim. App. 2007). The trial court found that the mitigating evidence presented by applicant,

> growing up in an impoverished, crime ridden neighborhood, having a troubled childhood due to witnessing domestic violence, the abandonment by his father, and manifesting behavioral symptoms as a result of untreated mental and/or emotional problems, making positive changes during his incarceration at TYC . . . could have reasonably been viewed by the fact-finder as evidence that diminished applicant's moral culpability.

The habeas court concluded that the former statutory special issues did not provide applicant's jury with an adequate mechanism for exercising its reasoned moral judgment

concerning whether applicant's mitigating evidence of low intelligence, head injury, and troubled childhood warranted the imposition of a life sentence rather than the penalty of death. Based on the forgoing, the habeas court recommended that this Court vacate the punishment portion of the trial court's judgment and remand the case for a new punishment hearing.

This Court has reviewed the record with respect to the allegation made by applicant. Based on the habeas court's findings and conclusions and our own review, and because the mitigating evidence presented at applicant's trial is the type of evidence for which he was entitled to a separate vehicle for consideration, relief is granted. We vacate applicant's sentence and remand the case to the trial court for a new punishment hearing.

Delivered: February 1, 2012

Do Not Publish